**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 07-4982**

————————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

MICHAEL GRAYLEN WHEELER,

             Defendant - Appellant.

————————————

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:04-cr-00066-RLV)

————————————

Submitted:  July 31, 2008          Decided:  August 4, 2008

————————————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

Algernon Williams, Sr., LAW OFFICE OF ALGERNON WILLIAMS, SR.,
Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Graylen Wheeler pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). The district court sentenced Wheeler to a total of 152 months' imprisonment. Wheeler timely appealed. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), identifying no meritorious grounds for appeal but questioning whether the district court erred in calculating Wheeler's criminal history points. Wheeler filed a supplemental pro se brief claiming that he was denied effective assistance of counsel.

Counsel questions whether the district court erred in calculating Wheeler's criminal history points, alleging that the government did not refute Wheeler's testimony that five of his prior convictions were attained without the representation of counsel. A defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel. Custis v. United States, 511 U.S. 485, 495 (1994). However, he bears the burden of showing that the prior conviction is invalid. United States v. Jones, 977 F.2d 105, 110-11 (4th Cir. 1992). Wheeler had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute

to do, and that, if he was not represented, it was because he waived his right to counsel. See Parke v. Raley, 506 U.S. 20, 28-34 (1992). Although he testified that he did not recall having counsel or waiving his right to counsel for the challenged convictions, Wheeler offered no affirmative evidence to rebut the presumption that he had counsel or signed a waiver of counsel form. Thus, the district court did not err in overruling Wheeler's objection and considering the prior convictions in calculating his criminal history.

In his supplemental pro se brief, Wheeler asserts that he was denied effective assistance of counsel. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record. See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Wheeler fails to make this showing. Accordingly, we decline to consider this issue on direct appeal.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Wheeler's conviction and sentence. Counsel's motion to withdraw is denied at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED